IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CAROL WEAVER DRAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:20-cv-00400-LSC |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

**I.   Introduction**

The plaintiff, Carol Weaver Drake ("Drake"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB"). Drake timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Drake was sixty years old at the time of her disability onset and sixty-two years old at the time of the unfavorable opinion issued by the Administrative Law Judge ("ALJ"). (Tr. at 15, 160.) Drake speaks English, completed at least four years of

1

college, and has a master's degree in secondary education with a concentration in English. (Tr. at 42, 182-83.) Her past work experience includes: a technical writer, a tutor, a secondary school teacher, and an identification clerk. (Tr. at 15, 236.) Drake filed the instant application on July 17, 2017, alleging a disability onset date of October 10, 2016 due to a lumbar sprain, herniated discs, severe back pain, and spinal stenosis. (Tr. at 10 69-70.) Drake testified that she could no longer work due to pain in her lower back. (Tr. at 47.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See* 20

C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to

determine whether the plaintiff has the RFC to perform the requirements of her past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent her from performing her past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find her not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find her disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ first found that Drake meets the insured status requirements of the Social Security Act through September 30, 2022. (Tr. at 12.) The ALJ further determined that Drake has not engaged in SGA since October 10, 2016, the alleged onset date of her disability. (*Id.*) According to the ALJ, Drake has Degenerative Disc Disease (20 CFR 404.1520(c)) which is considered a severe impairment. (*Id.*) However, the ALJ found that this impairment neither meets nor medically equals any of the listed impairments in 20 C.F.R. Part

404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526). (*Id.*) The ALJ determined that Drake has the following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except occasionally climbing ramps or stairs, never climbing ladders, ropes or scaffolds, frequently balancing, occasionally stooping, kneeling, crouching or crawling, must avoid concentrated exposure to extreme cold, extreme heat, and vibration, must avoid all exposure to unprotected heights, unprotected moving mechanical parts and dangerous machinery, must alternate sitting and standing every 20-30 minutes throughout the workday in order to change position for a brief positional change of less than 5 minutes but without leaving the workstation, time off task can be accommodated by normal work breaks.

(Tr. at 13.)

According to the ALJ, Drake is "capable of performing past relevant work as a technical writer, tutor, secondary school teacher, and identification clerk." (Tr. at 14.) A Vocational Expert ("VE") testified that an individual of Weaver's age with her education, work experience, and RFC would be able to perform any of her past relevant work. (Tr. at 15.) The ALJ concluded his findings by stating that Drake has not been under a disability, as defined in the Social Security Act, from October 10, 2016, through the date of the decision, May 22, 2019. (*Id.*)

## II.  Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the

Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. Discussion

Drake argues that the ALJ's decision should be reversed and remanded for three reasons: (1) the ALJ's RFC finding is conclusory and violates Social Security Ruling ("SSR") 96-8p; (2) the ALJ's finding at Step 4 that she can perform past relevant work is not supported by substantial evidence; and (3) the ALJ improperly relied upon the VE's testimony.

### A. RFC Finding and SSR 96-8p

A claimant bears the burden of proving she was disabled within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(H)(i); 20 C.F.R. § 416.912(a), (c); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ considered Drake's disability claim using the five-step sequential evaluation process as discussed *supra*. To determine if she could perform her past relevant work at step four or other work at step five, the ALJ assessed Drake's RFC.

7

An individual's RFC represents the most she can still do, despite her limitations, in a work setting. 20 C.F.R. § 404.1545(a)(1). In order to determine an individual's RFC, the ALJ assesses all of the relevant evidence in the record, including medical reports prepared by a physician or other healthcare provider, as well as more subjective descriptions and observations of an individual's limitations. *Id*. § 404.1545(a)(3). Moreover, the evaluator considers not only the impairments classified as "severe" but the "limiting effects" of all conditions when making a judgment about an individual's RFC. *Id*. § 404.1545(e). A reviewing court will affirm the ALJ's RFC assessment if it is supported by the objective medical evidence. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

Drake argues the ALJ's RFC assessment is conclusory, violates Social Security Ruling ("SSR") 96-8p, and is not supported by substantial evidence. Drake's brief presents a cursory argument regarding the ALJ's RFC analysis. It primarily quotes Social Security Ruling ("SSR") 96-8p, and snippets of case law but fails to cite any evidence or make a specific argument. (Doc. 7 at 20-25.) Drake's brief states, "While the ALJ summarized the medical evidence, the RFC assessment is simply conclusory and does not contain any rationale or reference to the supporting evidence, as required by SSR 96-8p. The ALJ omitted any limitations caused by back pain." (Doc. 7 at 21.) SSR 96-8p states the Commissioner's policies

regarding the assessment of a claimant's RFC and calls for the ALJ to provide "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184 (July 12, 1996). Additionally, the ruling calls for the ALJ to describe how the evidence supports his conclusion and why "reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." *Id.* Drake does not present any arguments as to why the ALJ's RFC assessment is conclusory. As such, she has waived that argument. *See e.g. Outlaw v. Barnhard*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (holding claimant waived issue because he did not elaborate on claim or provide citation to authority regarding claim).

Nonetheless, substantial evidence supports the ALJ's RFC analysis. The ALJ found that the record evidence as a whole supports an RFC to perform light work with additional limitations including: occasionally climbing ramps or stairs, never climbing ladders, ropes or scaffolds, occasionally stooping, kneeling, crouching or crawling, avoiding concentrated exposure to extreme cold, extreme heat and vibrations, avoiding exposure to unprotected heights, unprotected moving mechanical parts and dangerous machinery, and alternating sitting and standing

every 20-30 minutes throughout the work day to accommodate her Degenerative Disc Disease. (Tr. at 13-14.)

    The ALJ noted that although Drake alleged disabling functional limitations arising from her impairments, the treatment records, diagnostic imaging, and reports of her daily activities do not show such severe limitations. (Tr. at 14.) The medical evidence showed that Drake reported back pain to her treatment providers at various visits. (Tr. at 255, 273, 275, 291, 295-99, 403, 407, 425, 427.) Imaging from July 17, 2017 showed evidence of moderate stenosis at all levels. (Tr. at 402.) However, the ALJ discussed that treatment providers often noted Drake exhibited a normal range of motion and strength in her musculoskeletal system, had a normal, non-antalgic gait, and was able to ambulate without assistive devices. (Tr. at 255, 273, 277, 350.) The ALJ specifically mentioned Drake's testimony that she does not take spinal injections and only takes Tylenol and Ibuprofen for her back pain. (Tr. at 13, 48-49.) The ALJ also specifically mentioned that Drake reported to Dr. Matthew Kahanic at Hunstville Hospital Spine and Neurology Center that her back pain improved with conservative therapy at home. (Tr. at 14, 273.) Contrary to Drake's claim that the ALJ did not consider her back pain when rendering his RFC assessment, the ALJ specifically stated: "I find it prudent due to her Degenerative Disc Disease and her allegations to provide her with the sit/stand option…" (*Id.*)

The ALJ complied with SSR 96-8p by providing a narrative discussion that cited specific evidence and described how the evidence supported the conclusion. *See Castel v. Astrue*, 355 F. App'x 260, 263 (11th Cir. 2009) (holding the ALJ complied with SSR 96-8p by discussing the relevant evidence and making a finding of the plaintiff's exertional limitations).

## B. Past Relevant Work

Drake contends that the ALJ erred in finding at Step 4 that she can perform her past relevant work. She specifically alleges that the ALJ did not consider all the duties of her past work and evaluate her ability to perform those duties despite her impairments. SSR 82-61 provides that a claimant can return to past relevant work if she can perform the specific job she performed, either in the manner she performed it, or as it is usually performed in the national economy. Additionally, a claimant bears the burden of proving she cannot perform her past relevant work either as she performed the job or as the job is generally performed in the national economy. *See Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991).

Drake argues that the ALJ must make a finding of the physical requirements and demands of her past work. The VE testified that after reviewing the file and listening to Drake's testimony, that an individual of the same age as Drake, with the same education, past work experience, and RFC could perform any of Drake's past

11

relevant work. (Tr. at 15, 61-65.) The ALJ specifically asked Drake about the heaviest weight she had to lift as well as her specific duties at her past jobs, which the VE heard and considered when giving his opinion. (Tr. at 43-47.) Drake has failed to demonstrate any error by the ALJ regarding her past relevant work or show that she cannot perform it as actually or generally performed.

**C.     Hypothetical Question Posed to Vocational Expert**

Drake argues that the VE's testimony is not substantial evidence because it is based on an inaccurate and incomplete hypothetical question from the ALJ. She contends that the hypothetical question relied upon did not accurately state her condition or her RFC. Drake's argument is unfounded, however, as the hypothetical question the ALJ posed to the VE accurately portrayed Drake's RFC and included her relevant conditions and limitations.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). However, an ALJ is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

The ALJ's RFC assessment as well as the hypothetical presented to the VE included these restrictions: occasionally climbing ramps or stairs and never climbing ladders, ropes or scaffolds, limiting her to frequently balancing and occasionally stooping, kneeling, crouching, or crawling, avoiding concentrated exposure to extreme cold, extreme heat and vibration. (Tr. at 14, 62.)  The ALJ also included a sit/stand option. (*Id.*) Under the foregoing precedent, the ALJ did not err in not including more restrictive physical limitations because the medical evidence of record did not support them.  The ALJ found that Drake retains the ability to perform work within the limitations as set out in the RFC.  When the ALJ poses a hypothetical consistent with an RFC that is supported by substantial evidence, the ALJ does not err in posing that hypothetical. *Bouie v. Astrue*, 226 F. App'x 892, 895 (11th Cir. 2007).

## IV.  Conclusion

Upon review of the administrative record, and considering all of Plaintiff's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** and **ORDERED** on August 17, 2021.

_____
L. Scott Coogler
United States District Judge

160704